1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALFRED KISTENMACHER,

      Plaintiff,

    v.

JOSEPH LEHMAN *et al.*,

      Defendants.

Case No. C04-5825RBL

REPORT AND
RECOMMENDATION

**NOTED FOR:
JULY 8th , 2005**

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant's motion to dismiss for failure to state a claim. The defendants argue this action is barred by the doctrine of favorable termination.  (Dkt. # 23).

      Plaintiff did not respond to the pending motion.  While doctrine of favorable termination would result in dismissal without prejudice, the court disagrees that the concept is applicable to the facts of

REPORT AND RECOMMENDATION - 1

1   this case.  Accordingly the undersigned recommends that this motion to dismiss be **DENIED**.

2                                          FACTS

3          Plaintiff was an inmate.  Plaintiff alleges he was not released by the Department of

4   Corrections on his earned early release date.  (Dkt. # 10, first amended complaint).  When he was

5   released from prison, he was held for civil commitment proceedings by parties who are not named

6   defendants in this action.  (Dkt. # 10).

7                                       DISCUSSION

8          A court may dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the

9   plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief.

10  Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41,

11  45-56 (1957).  Dismissal for failure to state a claim may be based on either the lack of a cognizable

12  legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v.

13  Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as

14  admitted and the complaint is construed in the plaintiff's favor.  Keniston v. Roberts, 717 F.2d 1295

15  (9th Cir. 1983).  However, a plaintiff must plead factual allegations with specificity; vague and

16  conclusory allegations fail to state a claim for relief.  Colburn v. Upper Darby Township, 838 F.2d

17  663, 666 (3rd Cir. 1988).

18         Defendants argue this case should be dismissed without prejudice under the doctrine of

19  favorable termination.  (Dkt. # 23).  Heck v. Humphrey, 512 U.S. 477 (1994).  Defendant's reliance

20  on Heck v. Humphrey is misplaced.  The holding of Heck precludes a plaintiff from challenging a

21  current conviction or confinement in a civil rights action as the proper forum for an action that calls

22  into question the propriety of current confinement is a habeas corpus action.  The ruling in Heck

23  follows a long line of Supreme Court cases which analyze when a civil rights action should be

24  dismissed because it encroaches on habeas remedies.  Heck v. Humphrey, 512 U.S. 477 (1994);

25  citing Preiser v. Rodriguez, 411 U.S. 475 (1973).

26         The flaw in defendants argument is that the time for plaintiff filing a habeas action that

27  challenges his release date on a prior conviction has elapsed.  Upon his release plaintiff was not in

28  REPORT AND RECOMMENDATION - 2

1   custody.  A habeas filing challenging his prior conviction would be inappropriate.  Under 28 U.S.C. §

2   2254, the district court may entertain an application for a writ of habeas corpus only from a person in

3   custody pursuant to the judgment of a state court. The custody requirement of the habeas corpus

4   statute is designed to preserve the writ as a remedy for severe restraints on individual liberty.

5   Hensley v. Municipal Court, San Jose Milpitas Judicial District, 411 U.S. 345, 351 (1973). The

6   person must be in custody pursuant to the conviction or sentence under attack at the time the

7   petition is filed.  Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Carafas v. LaVallee, 391 U.S. 234,

8   238 (1968).

9        This action should not be dismissed based on the doctrine of favorable termination.

10   Accordingly, this motion to dismiss should be **DENIED**.

11                                        CONCLUSION

12        For the reasons outlined above the undersigned recommends **DENIAL** of defendant's motion

13   to dismiss.  A proposed order accompanies this Report and Recommendation.

14        Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

15   parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R.

16   Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.

17   Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is

18   directed to set the matter for consideration on **July 8th, 2005**, as noted in the caption.

19

20        DATED this 10th day of June, 2005.

21

22

23                                        Karen L. Strombom
                                         United States Magistrate Judge
24

25

26

27

28   REPORT AND RECOMMENDATION - 3